UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUKASZ RUDKOWSKI,<br><br>                          Plaintiff,<br><br>- against -<br><br>VICE MEDIA LLC<br><br>                          Defendant. | Docket No. 18-cv-7079<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Lukasz Rudkowski ("Rudkowski" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant Vice Media LLC ("Vice Media" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information in violation of Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a video capturing a violent clash between supporters of President Donald Trump and anti-Trump demonstrators in Berkeley, California, owned and registered by Rudkowski, a New York City-based photojournalist. Accordingly, Rudkowski seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in

and/or is doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Rudkowski is a professional independent video journalist having an address of P.O. Box 140492, Brooklyn, NY 11214.

6. Rudkowski is the founder of *We Are Change*, a nonpartisan independent media organization dedicated to exposing corruption worldwide.

7. Upon information and belief, Vice Media is a foreign limited liability company duly organized and existing under the laws of Delaware with a place of business at 49 S. 2nd Street, Brooklyn, New York, 11211.

8. Upon information and belief, Vice Media is registered with the New York Department of State, Division of Corporations to do business in the State of New York.

9. At all times material hereto, Defendant has owned and operated a channel on YouTube at the URL: https://www.youtube.com/vice with over 10 million subscribers (the "Website").

10. Vice Media is a for-profit entity.

11. Vice Media publishes news content on the Website.

## STATEMENT OF FACTS

**A.    Background and Plaintiff's Ownership of the Video**

6. On April 15, 2017, Rudkowski recorded video showing rioting and violence between pro-free speech demonstrators and Antifa protestors during a rally in Berkeley, California (the "Video").

7. On April 15, 2017, Rudkowski published the Video on the YouTube channel for his organization We Are Change, under the heading *Berkeley Pro Free Speech Protesters Chase*

*Out AntiFA*. A true and correct copy of the Video, as posted to YouTube, and select screenshots of the Video, are attached hereto as Exhibit A.

8. Rudkowski is the author of the Video and has at all times been the sole owner of all right, title and interest in and to the Video, including the copyright thereto.

9. The Video was registered with the U.S. Copyright Office and was given Copyright Registration No. PA 2-058-125, with effective date of April 24, 2017 (the "125 Registration"). Attached as Exhibit B is a true and correct copy of the 125 Registration.

**Defendant's Infringing Activities**

10. On or about March 23, 2018, Vice Media posted a video article on the Website entitled *The Rise and Fall of an Alt-Right Gladiator*. *See* URL https://www.youtube.com/watch?v=cgeiJHkDvRo (the "Article"). The Article, which has over 983,000 views, prominently features elements from the Video. A true and correct copy of the Article, and select screenshots from the Article, are attached hereto as Exhibit C.

11. Vice Media did not license the Video from Plaintiff for its Article, nor did Vice Media have Plaintiff's permission or consent to publish the Video on its Website.

12. Prior to Vice Media's publication of the Article, there was no communication between Plaintiff and Defendant.

**CLAIM FOR RELIEF
(COPYRIGHT INFRINGEMENT AGAINST VICE)
(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Vice Media infringed Plaintiff's copyright in the Video by reproducing and publicly displaying portions of the Video on the Website.

15. Vice Media is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Video or portions thereof.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the aforementioned acts of infringement by Vice Media have been willful, i.e., in reckless disregard of Plaintiff's rights.

18. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover his damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed, in the event Plaintiff proves that Defendant's infringement of the Video was willful, 17 U.S.C. § 504(c).

20. Plaintiff is further entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendant's conduct, described above, is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**(INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION**
**AGAINST DEFENDANT)**
**(17 U.S.C. § 1202)**

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. Defendant copied portions of the Video which, as initially published, contained a by-line or gutter credit underneath the Video identifying "Luke Rudkowski of WeAreChange", the Plaintiff, as the author of the Video.

24. A gutter credit or by-line consisting of an attribution to the videographer constitutes copyright management information for purposes of section 1202(b).

25. Upon information and belief, Defendant intentionally removed copyright management information identifying Plaintiff as the author of the Video or, in the alternative, had reasonable grounds to know that the Defendant's Article was distributed on the Website without any copyright management information attributed to Plaintiff.

26. Defendant's conduct violates 17 U.S.C. § 1202(b).

27. Defendant's removal of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

28. Upon information and belief, removal of said copyright management information was made by Defendant with the intent to induce, enable, facilitate, or conceal its infringement of Plaintiff's copyright in the Photographs. Alternatively, Defendant knew, or had reasonable grounds to know, that such removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyright in the Video.

29. As a result of the wrongful conduct of Defendant as alleged herein, Plaintiff is entitled to recover from Defendant the damages that he sustained and will sustain, and any gains, profits and advantages obtained by Defendant because of its violations of 17 U.S.C. § 1202, including attorney's fees and costs.

30. Alternatively, Plaintiff may elect to recover from Defendant statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for

each violation of 17 U.S.C. § 1202(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant be adjudged to have infringed upon Plaintiff's copyright in the Video in violation of 17 U.S.C §§ 106 and 501.

2. The Defendant be adjudged to have removed and/or altered copyright management information in violation of 17 U.S.C. § 1202(b).

3. That with respect to the First Claim for Relief, Plaintiff be awarded either: (a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or (b) statutory damages up to $150,000 per work as per 17 U.S.C. § 504(c).

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505 and/or 17 U.S.C. § 1203(c);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: December 12, 2018
Valley Stream, New York

LIEBOWITZ LAW FIRM, PLLC

By: /s/jameshfreeman
James H. Freeman
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Telephone: (516) 233-1660
rl@LiebowitzLawFirm.com

*Attorney for Plaintiff Lukasz Rudkowski*